## J. B. BROWN V. THE STATE.

No. 17905.  Delivered February 12, 1936.

The opinion states the case.

*C. Y. Welch,* of Quanah, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating the State cigarette law; punishment, a fine of $250.00, and thirty days in the county jail.

We find in the record no bill of exceptions bringing forward complaint of any matter of procedure. In his brief appellant complains of the lack of testimony. We have carefully considered the statement of facts. It is not disputed therein that appellant was found in possession of a large quantity of packages of cigarettes in his place of business which bore no stamps such as are required by law. Appellant's claim was that he had bought cigarettes in large quantities, and they had been delivered to his place before stamps, which he had ordered from the proper authorities, reached him. It was shown upon the trial that the cases of unstamped cigarettes were not being kept in appellant's regular store-room but were in a place which might be easily understood to be a place of concealment, and that these unstamped packages of cigarettes had been opened, the inference being that they had been opened and unstamped cigarettes sold out of same. The charge of the court seems to have been eminently fair in submitting this phase of the case. The trial judge told the jury as part of the law in this case, that if they found and believed from the evidence that defendant bought a large quantity of cigarettes testified about, and before they were put away in his place of business he had ordered from the proper authorities stamps in order to place same on said cigarettes, and that the failure of said stamps to arrive, and appellant's failure to immediately

attach stamps to said packages was not due to any fault of appellant, or if they had a reasonable doubt thereof, they should acquit and say by their verdict not guilty. It thus appears that the proposition of good faith on the part of the accused, in dealing with the stamps as claimed by him,—was submitted to the jury and they found upon this issue against appellant.

The statute in question is very plain and forbids that any retail dealer shall be found in possession of unstamped cigarettes. It being without dispute that appellant in this case was found in such possession, and that his claim in regard thereto has been passed on adversely by the jury, this court has no other option except to affirm the judgment, and it is so ordered.

*Affirmed.*